UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR373-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAMAL ZAKI QAZAH, )<br>)<br>Defendant. ) | **PRELIMINARY ORDER<br>OF FORFEITURE<br>(BY CONSENT)** |

In the Bill of Indictment in this case, the United States sought forfeiture of property pursuant to 21 U.S.C. § 853(a) as property that was proceeds of and/or was used to facilitate the crimes charged, together with any other substitute property, which would be subject to forfeiture under § 853(p).

Defendant was convicted at trial on Counts One and Seven, among others, in the Bill of Indictment; and found guilty of the offenses charged in those counts. The government has moved for a preliminary order forfeiting currency, financial accounts, vehicles from a used car business, and other assets. The Court has considered the trial evidence and the exhibits provided with the government's motion and finds that there is a nexus between each of the assets sought by the government and defendant's crimes or, alternatively, the asset is substitute property which is subject to forfeiture under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b). In its motion, the government represents that the defendant, through counsel, has consented to forfeiture of the specific assets listed below and that the parties agree that the amount of a forfeiture money judgment may be determined at sentencing.

It is therefore ORDERED:

1. The defendant shall pay a forfeiture money judgment to be determined no later than sentencing, representing proceeds of the Count One conspiracy and property involved in the Count Seven conspiracy, as reasonably foreseeable to the defendant.

2. Based upon defendant's conviction at trial and the nexus established between the defendant's crimes and the property listed below, or, as set forth in the motion, the government's showing that the asset is owned by the defendant and subject to forfeiture as substitute property for criminal proceeds, the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition according to law; provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein under 21 U.S.C. § 853(n):

I. Property specifically identified in the indictment and/or the protective order.

    A. Financial accounts.

        1. First Citizens xxxxxxxx6909 - $10,653.52.

        2. First Citizens xxxxxxxx7601 - $7,140.49.

    B. Inventory held by 7 Stars LLC.

        The sum of $181,950 as a substitute *res* for the inventory of 7 Stars LLC dba 7 Stars Auto.

    C. The following real property.

        1. 1716 Budon Ct., Columbia, SC.

        2. 6132 N. Main St., Columbia, SC.

II. Other assets in government custody.

    A. Currency.

        1. The sum of $973.55 seized on November 30, 2011.

        2. The sum of $70,000 seized on November 30, 2011.

    B. Financial accounts owned or controlled by defendant.

        1. Wells Fargo xxxxxxxxx2102 - $10,679.50.

        2. First Citizens xxxxxxxx3001 - $9.75 and $40,474.07.

3. Bank of America xxxxxxxx5091 - $3,553.39.

   4. Bank of America xxxxxxxx4754 - $30,277.70.

C.  Other assets owned or controlled by defendant.

   1. Funds received by $5,974.00 cashier's check from Bank of America.

   2. The sum of approximately $1.3 million in United States currency.

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish as required by law notice of this order and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may, as permitted by law and to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice.

4. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: June 10, 2013

Frank D. Whitney
Chief United States District Judge