UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11CR373-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAMAL ZAKI QAZAH (3), )<br>)<br>Defendant. )<br>_____ )<br>PETITION OF AMER QUZAH )<br>_____ ) | **ORDER**<br>**(BY CONSENT)** |

THIS MATTER is before the Court on the government's motion, by consent of the parties, as shown by the signed consent submitted herewith, to enter an order approving a settlement with regard to the following property (the "subject property") listed in the Preliminary Order of Forfeiture (By Consent) (Doc. 306) filed herein on June 11, 2013 (the "Preliminary Order"), and claimed by Petitioner, and to amend the Preliminary Order accordingly:

I.C.  The following real property.

    2.  6132 N. Main Street, Columbia, SC   29203

II.B.  Financial accounts owned or controlled by defendant.

    4.  Bank of America xxxxxxxx4754 - $30,277.70.[1]

According to the government's Motion for the Preliminary Order (Doc. 282), regarding 6132 N. Main Street in Columbia, SC:

> This property is a convenience store, with title in the name of City Food Mart, LLC (Agent Amer Quzah), and is leased to City Food Mart of Columbia, LLC

---

[1] This petition erroneously lists the account number as "xxxxxxxx5754."  Anni

1

(Agent Kamal Qazah). . . . Investigation has determined that rent checks for this store from a third party, Karishma Food, LLC, were made payable to defendant personally, rather than to either of the "City Food Mart" LLCs, and were deposited to one or more bank accounts in defendant's name.

In other words, Petitioner's LLC owned this real property and leased it to defendant Qazah's LLC, which in turn subleased it to Karishma Foods, LLC, which operated the store and paid the rent to defendant. However, Petitioner's LLC acquired title to this property in 2004, long before the criminal activity in this case. Therefore, assuming for purposes of this ancillary proceeding that Petitioner's interest is identical to the interest of his LLC, he appears to be the true beneficial owner of this property for purposes of 21 U.S.C. § 853(n)(6)(A).

As to the Bank of America xxxxxxxx4754 account, the parties agree that these funds are not traceable to illegal proceeds or money laundering transactions in this case. While a portion of the funds moved through defendant Qazah's possession, this money should be treated as ultimately representing rental income received by Petitioner from real property leased to Qazah but used by a lawful business.

Based on the record and the stipulations of the parties, the Court finds as follows:

1. Petitioner has filed a timely petition in response to the Preliminary Order and the Court has jurisdiction over the subject property.

2. Petitioner is the registered agent and sole member of City Food Mart LLC, which holds title to both the subject real property and the Bank of America xxxxxxxx4754 account.

3. The United States and Petitioner have agreed to a settlement regarding forfeiture and the interest asserted by petitioner, subject to the Court's approval, as follows:

(a) The real property located at 6132 N. Main Street, Columbia, South Carolina, shall be deleted from the preliminary order and released to Petitioner.

(b)  The Bank of America xxxxxxxx4754 account, consisting of approximately $30,277.70, shall be deleted from the preliminary order and released to Petitioner.

(c)  Petitioner, for himself and for any corporation or other entity owned or controlled by him, hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and South Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Petitioner or his heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, prosecution, and forfeiture.

In addition to the stipulation of the parties, there is no person known to the government, other than Petitioner, who reasonably appears to be a potential claimant to the subject property. Moreover, on August 2, 2013, through August 31, 2013, the United States published via www.forfeiture.gov, notice of this forfeiture and of the intent of the government to dispose of the forfeited property according to law, and further notifying all third parties of their right to petition the Court within sixty days from August 2. 2013, for a hearing to adjudicate the validity of any alleged legal interest in the property.  *See* Doc. 355.  Except as stated above, it appears from the record that no petitions have been filed to assert an interest in the asset which is the subject of this motion.

It is therefore ORDERED:

1.  That the terms and conditions of the settlement are approved and incorporated into this Order.

2. That the subject properties are deleted from the Preliminary Order and released to Petitioner, subject to applicable law (including the Treasury Offset Program).

3. That the Preliminary Order is amended accordingly.

4. That each party shall bear its own costs in this ancillary proceeding, including attorney fees.

*signature*

Frank D. Whitney
Chief United States District Judge